IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,    )
                                 )
        v.                  )          CASE NO. 1:11-CR-182-WHA
                                 )
JOSEPH KYLE EDBERG       )

## ORDER

This cause is before the court on Defendant Joseph Kyle Edberg's pro se Motion for Modification of Conditions of Supervised Release (Doc. #97) and the Government's and Probation Office's responses thereto. (Doc. #101, 102).

Defendant Edberg entered a plea of guilty to count 12 of the indictment against him, which was a count for violation of 18 U.S.C. §2252(a)(5)(B). He was sentenced to 78 months of imprisonment with lifetime supervised release and several special conditions of supervised release.

Edberg seeks to modify the following conditions of his supervised release: participation in a mental health treatment program, submitting to polygraph testing, prohibition against contact with children under the age of 18 and refraining from entering into any place where children normally congregate, prohibition against possessing or using a computer that can access the internet unless in connection with authorized employment, and drug testing. Edberg also seeks to modify the term of lifetime supervision.

Edberg's Probation Officer objects to his motion, stating that the conditions of supervised release imposed at sentencing are appropriate and proportionate to the conviction and the Defendant's criminal history. The probation officer also points out that once Edberg begins supervision if he or the Defendant's treatment provider believes that the conditions need to be modified, or additional conditions need to be imposed, then the court will be notified.

The United States also opposes Edberg's motion, citing caselaw to demonstrate that lifetime supervision and each of the special conditions of supervision Edberg has pointed to have been upheld as lawful and reasonable in previous cases. The United States cites *United States v. Moran*, 573 F.3d 1132 (11th Cir. 2009), which upheld mental health treatment as a condition of supervision. The United States also points out that Edberg relied on mental health deficiencies as a basis for requesting mitigation in this case. The United States also cites to *United States v. Taylor*, 338 F.3d 1280 (11th Cir. 2003) and *United States v. Zinn*, 321 F.3d 1084, 1093 (11th Cir. 2003) which held that the use of polygraph testing, no contact with children under 18, and ban on computer access without permission as conditions of supervised release are reasonable. The United States acknowledges that defendants may successfully request that lifetime supervision be terminated early, but takes the position that this request should not be entertained before supervision has even begun.

Upon review of the file, the Motion and the responses of the United States and the Probation Office thereto, this court concludes that the lifetime supervision condition is reasonable and is not due to be modified at this time. The court further concludes that the special conditions of supervision identified by the Defendant are lawful under the precedent cited above, *see United States v. Taylor*, 338 F.3d 1280 (11th Cir. 2003) and *United States v. Zinn*, 321 F.3d 1084, 1093 (11th Cir. 2003), and reasonable. Accordingly, it is hereby ORDERED that the

Motion for Modification of Conditions of Supervised Release (Doc. #97) is DENIED. Done this 30th day of April, 2018.

/s/ W. Harold Albritton
SENIOR UNITED STATES DISTRICT JUDGE